UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JACEY MATTISON, | § § § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 4:21-CV-887 |
| VELOCITY INVESTMENTS, LLC and PROTAS, SPIVOK & COLLINS, LLC, | § § § § |
| Defendants | § |

# COMPLAINT

This action is brought by plaintiff Jacey Mattison against defendants Velocity Investments, LLC ("Velocity) and Protas, Spivok & Collins, LLC ("PSC"), based on the following:

## PARTIES

1. Jacey Mattison is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in Fort Worth, Tarrant County, Texas.

2. Velocity is a for-profit limited liability company formed under the laws of the State of New Jersey.

3. Velocity maintains its principal place of business at 1800 State Route 34, Building 3, #305 Wall, NJ 07719.

4. Velocity's registered agent in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5. PSC is a limited liability company formed under the laws of the State of Maryland.

6. PSC maintains its principal place of business at 4330 East West Highway, Suite 900, Bethesda, Maryland 20814.

7. PSC's registered agent in Maryland is Jordan Marvin Spivok, 4330 East West Highway Suite 900 Bethesda, Maryland 20814.

## JURISDICTION & VENUE

8. The Court's subject matter jurisdiction of arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district.

10. Defendants are subject to personal jurisdiction at the time this action is commenced because Velocity transacts business in the state of Texas and PSC sent the collection letter at issue into the state of Texas.

## FACTS RELATED TO DEFENDANTS

11. Velocity's business involves the purchase of defaulted consumer debts from third-parties and liquidating them.

12. Among other kinds of debt, Velocity purchases defaulted medical debt.

13. After purchase, Velocity undertakes to liquidate the debt directly and indirectly.

14. Velocity attempts to directly liquidate its debt by filing lawsuits against consumers.

15. Velocity attempts to indirectly liquidate its debt by hiring third parties to collect the debt through instrumentalities of interstate commerce such as the telephone, and the internet, and the mails.

16. Velocity is a business the principal purpose of which is the collection of defaulted consumer debts.

17. Velocity has filed a $10,000 surety bond with the Texas Secretary of State, which is a precondition for engaging in third-party debt collection in Texas.

18. PSC is a collection law firm that regularly collects or attempts to collect defaulted consumer debts owed to others.

19. In attempting to collect debts owed to others, PSC uses the telephone, the mails, the internet, as well as litigation.

20. PSC regularly collects Velocity-owned defaulted consumer debts.

## FACTS RELATING TO PLAINTIFF

21. On or about May 10, 2021, PSC mailed or caused to be mailed a document titled "Warrant in Debt" to plaintiff in an effort to collect a debt ("the Debt").

22. A true and correct copy of the Warrant in Debt is attached hereto as ***Exhibit A.***

23. The Debt, if it was incurred at all, was incurred for personal, family, or household purposes, namely a personal loan with the Lending Club to pay for medical services.

24. Plaintiff obtained the loan from the Lending Club in Fort Worth County, Texas for medical services obtained in Fort Worth County, Texas.

25. Plaintiff received the Warrant in Debt at her home in Texas.

26. At the time the Debt was placed for collection, PSC understood that the Debt was in default.

27. The Warrant in Debt appeared to be a a form summons and complaint that PSC been filed on April 27, 2021 on behalf of Velocity and against plaintiff in the General District Court of Abemarle County Virginia.

28. The Warrant in Debt stated the case was set for hearing on June 10, 2021.

29. In fact, the Warrant in Debt was a sham.

30. PSC had not filed a case against plaintiff on April 27, 2021 in Abemarle County Virginia.

31. There was no hearing on June 10, 2021.

32. PSC sent the Warrant in Debt to plaintiff to scare her with a threat of a lawsuit into paying the alleged Debt.

33. Plaintiff was in fact distressed at receiving the Warrant in Debt and sought the advice of counsel as a result.

34. On June 15, 2021, PSC did in fact file a Warrant in Debt on behalf of Velocity against plaintiff in the General District Court of Abemarle County Virginia, Case # GV21001247—00.

35. The Velocity complaint alleged plaintiff owed money on the Lending Club loan.

36. At the time PSC filed the Velocity complaint against plaintiff, plaintiff did not reside in Abemarle County Virginia and had not lived there since October 2020. Plaintiff only lived in Virginia temporarily for work and has always maintained her Texas address as her permanent residence.

37. Defendants violated the Fair Debt Collection Practices Act when they sued plaintiff in a county in which she did not currently reside and in a county where she not did obtain the Lending Club loan.

38. As plaintiff no longer resides in Abemarle County Virginia, she was forced to retain and pay Virginia counsel to appear and defend her in the action.

## CAUSE OF ACTION FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

39. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

40. PSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

41. Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

44. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. The use and mailing of *Exhibit A* by PSC violated the FDCPA in one or more following ways:

   (a) The use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, office, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. § 1692e(9);

   (c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

   (d) The use of unfair means to collector or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

    (e)    Bringing an action in a judicial district in which the consumer did not sign the contract sued upon nor in a judicial district in which the consumer resided at the commencement of the action, in violation of 15 U.S.C. § 1692i.

46.    Velocity is vicariously liable for PSC's actions.

## PRAYER FOR RELIEF

47.    WHEREFORE, plaintiff seeks judgment against defendants. Specifically, plaintiff seeks entry of an order as follows:

    (a)    Awarding actual damages to plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    Awarding statutory damages to plaintiff pursuant to 15 U.S.C. 1692k(a)(2);

    (c)    Awarding attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    (d)    Awarding, to the extent the recovery of attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to plaintiff, a sum sufficient to ameliorate such consequences; and

    (e)    Ordering such other and further relief as may be just and proper.

## JURY DEMAND

48.    Trial by jury is demanded on all issues so triable.

Date: July 23, 2021

*s/Francis R. Greene*
Francis R. Greene
GREENE CONSUMER LAW
Bar Number: 6272313 (IL)
1954 1st St. #154
Highland Park, IL 60035
Tel: 312-847-6979
Fax: 312-847-6978
E-mail: francis@greeneconsumerlaw.com


Daniel J. Ciment
Texas Bar No. 24042581
CIMENT LAW FIRM, PLLC
24285 Katy Freeway, Suite 300
Katy, Texas 77494
Telephone: (833)663-3289
Facsimile: (855)855-9830
Daniel@CimentLawFirm.com

*Attorneys for Plaintiff, Jacey Mattison*